IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        CR No. 16-439 KG

RYAN JOSEPH CHAVEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's *pro se*[1] Motion for Compassionate Release, filed June 9, 2020. (Doc. 68). The Government filed a response to the motion on July 7, 2020. (Doc. 73). Defendant seeks compassionate release or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). He alleges the COVID-19 pandemic poses an unreasonable risk of harm in federal prison. Having carefully reviewed the record and applicable law, the Court will deny the Motion for Compassionate Release without prejudice.

*I. Background*

On February 9, 2016, Defendant pled guilty to Assault of a Federal Officer, in violation of 18 U.S.C. § 111(a). (Doc. 20). On August 30, 2016, the Court sentenced Defendant to eight months imprisonment, followed by a one-year term of supervised release. (Doc. 36). On November 21, 2017, Defendant admitted to violating the terms of his supervised release and was sentenced to an additional three-month term of imprisonment to be followed by two years of supervised release. (Doc. 48). On March 5, 2020, Defendant again admitted to violating the

---

[1] An attorney was appointed for Defendant on June 11, 2020, (Doc. 69), but counsel has not filed a supplemental motion.

terms of his supervised release and was sentenced to nine months imprisonment with no term of supervised release to follow.  (Doc. 66).

On June 9, 2020, Defendant filed the instant Motion seeking compassionate release or home confinement due to COVID-19.  (Doc. 68).  Defendant states he suffers from diabetes, compressed spine, anxiety, and diabetic neuropathy.  *Id.* at 2.  Defendant further states he is being held in a U.S. Marshal holdover facility in Pahrump, Nevada, which has had five confirmed cases of COVID-19.  *Id.* at 4.  In response, the Government states it has been unable to locate any evidence that Defendant has exhausted his administrative remedies by first requesting compassionate release or home detention from the warden of his current facility, FCI Victorville II.  (Doc. 73) at 2.  Accordingly, the Government asks the Court to dismiss Defendant's Motion without prejudice.  *Id.* at 6.

II.  *Legal Standard*

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could seek compassionate release under 18 U.S.C. § 3582(c).  The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) with the intent of "increasing the use and transparency of compassionate release."  Pub. L. No. 115-391, 132 Stat. 5194, at 5239.  Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility … ."  18 U.S.C. § 3582(c)(1)(A).

Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards for compassionate release.  Relief is available where the sentence reduction

is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including … a list of specific examples."  28 U.S.C. § 994(t).  *See also United States v. Saldana,* 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release).  The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons."  U.S.S.G. § 1B1.13, cmt. n.1.

Some courts have found "extraordinary and compelling reasons" to justify compassionate release where the defendant's serious underlying health conditions place him at high risk of infection and death from COVID-19.  *See United States v. McCarthy*, 2020 WL 1698732, at *5 (D. Conn.) (collecting cases involving asthma, diabetes, and compromised immune systems); *United States v. Jenkins*, 2020 WL 2466911, at *6 (D. Colo.) (releasing inmate based on age and stroke risk); *United States v. Lopez*, 2020 WL 2489746, at *3 (D.N.M.) (analyzing release based on age, blood pressure, and diabetes).  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Nwankwo,* 2020 WL 2490044, at *1-2 (S.D.N.Y.) (collecting cases for the proposition "that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors").

*III. Discussion*

Defendant does not allege in his Motion that he exhausted his administrative remedies before filing his Motion with the Court, and the Government states it was unable to find a record of exhaustion from the facility where Defendant is located. *See* (Docs. 68, 73). As one court recently explained, "[t]he submission of a sufficient record to show exhaustion … is fundamental to this Court's function in deciding a compassionate release motion. Congress clearly wanted these applications decided at the administrative level if possible." *United States v. Bolino*, 2020 WL 32461, at *2 (E.D.N.Y.). Therefore, the record does not demonstrate that Defendant has exhausted his administrative remedies with the BOP. *See United States v. Read-Forbes*, 2020 WL 1888856, at *3 (D. Kan.) ("Based on the 'text, context, and relevant historical treatment' of Section 3582(c), the Court treats as jurisdictional the administrative exhaustion requirement in subsection (c)(1)(A).") (quoting *Musacchio v. United States*, 136 S.Ct. 709, 717 (2016)); *see also United States v. Saldana*, 2020 WL 1486892, at *4 (10th Cir.) (holding district court should dismiss Section 3582(c) motion for lack of jurisdiction if movant fails to show that Section 3582(c) authorizes relief).

In addition, liberally construed, Defendant's Motion also seeks home confinement under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). *See* (Doc. 68) at 6 (asking for "home confinement with any restrictions [the Court] sets forth"). Before the CARES Act, the BOP could place an inmate in home confinement for the lesser of ten percent of the term of imprisonment or six months. 18 U.S.C. § 3624(c)(2). Under the CARES Act, and based on the Attorney General's declaration that the COVID-19 pandemic will materially affect BOP functioning, the BOP Director now may "lengthen the maximum amount of time for which [he or she] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub.

Law 116-136, 134 Stat. 281, § 12003(b)(2); *see* Memorandum from Attorney General William Barr to Director of BOP, dated Apr. 3, 2020, at 1, https://www.justice. gov/file/1266661/download (last visited July 13, 2020) (finding because of COVID-19, emergency conditions are materially affecting functioning of the BOP). The CARES Act, however, does not authorize the Court to release an inmate on home detention or to review the BOP's decision not to do so. *See Read-Forbes*, 2020 WL 1888856, at *5 ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Warren*, 2020 WL 2849908, at *2 (D. Kan.) (same). To the extent Defendant has not already done so, he should direct any request under the CARES Act to the BOP through his case manager.

IV. Conclusion

Based on the foregoing, the Court finds the Motion is procedurally defective and will deny the Motion without prejudice. Defendant may refile a motion to include more information about exhaustion of BOP remedies.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. 68) is denied without prejudice.

_____
UNITED STATES DISTRICT JUDGE